UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:26-cv-05162-CAS-DSRx | Date | July 13, 2026 |
|---|---|---|---|
| Title | Nelly Castro v. Nissan North America, Inc. et al | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:         Attorneys Present for Defendants:

Logan Pascal                             Jason Richardson

**Proceedings:**   PLAINTIFF'S MOTION TO REMAND TO LOS ANGELES COUNTY SUPERIOR COURT (Dkt. 12, filed July 8, 2026)

## I.    INTRODUCTION

On January 22, 2026, plaintiff Nelly Castro ("plaintiff") filed this action in Los Angeles County Superior Court against defendants Nissan North America, Inc. ("Nissan") and Does 1 through 20, (collectively, "defendants"). Dkt. 1-1 ("Compl."). Plaintiff asserts two claims under California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq.* (the "Song-Beverly Act"): (1) breach of implied warranty of merchantability, and (2) breach of express warranty. Id. ¶¶ 15-35. Plaintiff's claims arise from the sale of an allegedly defective 2024 Nissan Kicks, VIN 3N1CP5CV1RL470649 (the "subject vehicle"). Id. ¶ 5. On May 13, 2026, Nissan removed this action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. 1 at 3.

///

///

///

///

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-05162-CAS-DSRx | Date | July 13, 2026 |
|---|---|---|---|
| Title | Nelly Castro v. Nissan North America, Inc. et al | | |

On June 8, 2026, plaintiff filed the instant motion to remand this action to state court. Dkt. 12 ("Mot.").[1]  On June 22, 2026, Nissan filed an opposition. Dkt. 16 ("Opp.").[2]  On June 29, 2026, plaintiff filed a reply. Dkt. 17 ("Reply").

On July 13, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

The following facts are alleged in the complaint:

At all relevant times, Nissan was engaged in the manufacture, sale, distribution, and/or importing of Nissan motor vehicles and related equipment. Compl. ¶ 1.  On July 2, 2024, plaintiff purchased the subject vehicle for personal, family, and/or household purposes. Id. ¶ 5.

In connection with the purchase, plaintiff received written warranties and other express and implied warranties from defendants, including but not limited to warranties that the subject vehicle would be free from all defects in material and workmanship; that the subject vehicle would pass without objection in the trade under the contract description; that the subject vehicle would be fit for the ordinary purposes for which it was intended; that the subject vehicle would conform to the promises and affirmations of fact made; that the subject vehicle would provide safe and reliable transportation; that defendants would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure that the subject vehicle was free from any defects in material and workmanship; and that defendants would maintain the utility of the subject vehicle for three years or 36,000 miles under the basic warranty, and five years or 60,000

---

[1] On June 10, 2026, plaintiff filed a notice of motion, dkt. 13, and memorandum of points and authorities, dkt. 14, which appear to be identical to the documents filed at dkts. 12 and 12-1.  Plaintiff also filed a declaration of counsel, dkt. 12-2 ("Pascal Decl."), and two exhibits, dkt. 12-3 ("Pascal Decl. Ex. 1"), dkt. 12-4 ("Pascal Decl. Ex. 2"), in support of its motion for remand.

[2] Nissan also filed a declaration of counsel, dkt. 16-1 ("Xuan Decl."), and three exhibits, dkt. 16-2 ("Xuan Decl. Ex. A"), dkt. 16-3 ("Xuan Decl. Ex. B"), and 16-14 ("Xuan Decl. Ex. C"), in support of its opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-05162-CAS-DSRx | Date | July 13, 2026 |
|---|---|---|---|
| Title | Nelly Castro v. Nissan North America, Inc. et al | | |

miles under the powertrain warranty and would conform the subject vehicle to the applicable express warranties.  Id. ¶ 7.

Plaintiff alleges that she has duly performed all the conditions on her part under the retail installment sale contract (the "Contract") and under the express and implied warranties given to plaintiff, except insofar as the acts and/or omissions of the defendants as alleged in the complaint prevented and/or excused such performance.  Id. ¶ 8.

Plaintiff delivered the subject vehicle to the defendants' authorized service and repair facilities, agents and/or dealers, on at least four separate occasions resulting in the subject vehicle being out of service by reason of repair of nonconformities.  Id. ¶ 9. Plaintiff alleges that the repair orders and/or invoices related to said repair presentations are in the possession of defendants.  Id.  Plaintiff presented the subject vehicle to defendants for repairs of defects, malfunctions, misadjustments, and/or nonconformities related to: (a) the steering assembly causing a clunking noise; (b) the suspension system clicking; (c) the subject vehicle emitting a burnt rubber odor; and (d) various warning lights illuminating.  Id. ¶ 10.

Between January 4, 2025 and November 10, 2025, the subject vehicle was presented to defendants on four separate occasions and remained in defendants' custody for a total of approximately thirty days for diagnosis and repairs.  Id. ¶ 11.

Each time, plaintiff notified defendants of the defects, malfunctions, misadjustments, and/or nonconformities existent with the subject vehicle and demanded that defendants or its representatives repair, adjust, and/or replace any necessary parts to conform the subject vehicle to the applicable warranties.  Id. ¶ 12.

Each time, defendants represented to plaintiff that they could and would conform the subject vehicle to the applicable warranties, and that they did conform the subject vehicle to said warranties, and that all the defects, malfunctions, misadjustments, and/or nonconformities have been repaired.  Id. ¶ 13.  Defendants or their representatives failed to conform the subject vehicle to the applicable warranties because said defects, malfunctions, misadjustments, and/or nonconformities continue to exist even after a reasonable number of attempts to repair was given.  Id.

Plaintiff seeks damages from defendants for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees.  Id. ¶ 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-05162-CAS-DSRx | Date | July 13, 2026 |
|---|---|---|---|
| Title | Nelly Castro v. Nissan North America, Inc. et al | | |

Through the complaint, plaintiff gives written notice and revokes acceptance of the subject vehicle under Cal. Com. Code §§ 2607 and 2608. Id. ¶ 20. Plaintiff further demands that defendants cancel the sale, take back the subject vehicle, refund all the money expended, pay the difference between the value of the subject vehicle as accepted and the value the vehicle would have had if it had been as warranted, and/or pay damages under Cal. Com. Code §§ 2711, 2714, and 2715. Id.

Plaintiff alleges that, despite plaintiff's demand for replacement or restitution pursuant to the Song-Beverly Act, defendants have intentionally failed and refused to make restitution or replacement. Id. ¶ 21.

Plaintiff alleges that the failure of defendants to refund the price paid and payable or to replace the subject vehicle "was intentional and justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's actual damages." Id. ¶ 32.

## III.   LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), federal courts have original jurisdiction over state law actions where (1) the amount in controversy exceeds $75,000, and (2) the action is between parties of diverse citizenship.

When a complaint filed in state court alleges on its face "damages in excess of the required jurisdictional minimum," the amount pled controls unless it appears "to a legal certainty" that the claim is for less than the jurisdictional amount. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402-404 (9th Cir. 1996). Conversely, where "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:26-cv-05162-CAS-DSRx | Date | July 13, 2026 |
|---|---|---|---|
| Title | Nelly Castro v. Nissan North America, Inc. et al | | |

785, 793 (9th Cir. 2018). This sum is determined as of the date of removal. Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217–18 (3rd Cir. 1999).

"[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010). Accordingly, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" Campbell v. Vitran Express, Inc., 471 Fed.Appx. 646, 648 (9th Cir. 2012) (quoting Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)).

The removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 135 S.Ct. 547, 554 (2014). Where the plaintiff contests the removing defendant's allegations, however, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 550.

## IV.   DISCUSSION

In Nissan's notice of removal, Nissan argues that plaintiff's complaint does not allege the amount in controversy, nor does it allege plaintiff's state of citizenship. Dkt. 1 at 2. Nissan contends that there is diversity of citizenship because Nissan, the only named defendant, is a Delaware corporation with its principal place of business in Tennessee, and Nissan's preliminary investigation indicated that plaintiff resided in California when she purchased the subject vehicle and has since moved to Florida where she presently resides. Id. at 3. Therefore, according to Nissan, plaintiff is a citizen of Florida, but even if she was a citizen of California at the time of filing the complaint, there would be diversity of citizenship because Nissan is a citizen of Delaware and Tennessee. Id. Nissan contends that its preliminary investigation also indicated that the amount in controversy exceeds $75,000 because plaintiff is expected to seek at least $36,608.08 in actual damages and plaintiff alleges that she is entitled to up to two times actual damages in civil penalties under the Song-Beverly Act. Id. at 4.

Plaintiff moves to remand this action to Los Angeles County Superior Court, arguing that Nissan failed to meet its burden of establishing that removal was proper. Mot. at 3. Plaintiff argues that Nissan failed to establish complete diversity because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**

| Case No. | 2:26-cv-05162-CAS-DSRx | Date | July 13, 2026 |
|---|---|---|---|
| Title | Nelly Castro v. Nissan North America, Inc. et al | | |

plaintiff's alleged state of residence is insufficient to show domicile, since it provides no indication of plaintiff's intent to remain. Id. at 4. Plaintiff does not provide any information as to her actual state of citizenship. See generally Mot. Plaintiff argues that Nissan fails to establish the required amount in controversy because defendant relies on speculative civil penalties and damages calculations. Id. at 5. Plaintiff argues that defendant has not pointed to any evidence that an award of a civil penalty under the Song-Beverly Act is likely. Id. at 6. Plaintiff also argues that her actual damages under the Song-Beverly Act must be reduced by a mileage offset based on the date of the first repair for the defect that rendered the subject vehicle a lemon. Id. Plaintiff argues that attorneys' fees are similarly too speculative to include in the amount in controversy calculation. Id. at 7. Finally, plaintiff argues that comity principles weigh heavily in favor of remand, such that even if the Court has jurisdiction to hear this case, it has the authority to "veto" the exercise of jurisdiction. Id. Plaintiff argues that the Court should remand this matter back to state court because state court is a more appropriate venue for plaintiff's two state law claims and because defendant's removal based on the inclusion of a possible civil penalty is an effort to deprive any Song-Beverly Act claim from being decided in California state court. Id. at 8-10.

In opposition, Nissan argues that plaintiff does not dispute that she is a citizen of Florida (or alternatively of California), nor does she argue that she is not seeking more than $75,000. Opp. at 1. Nissan argues that, instead, plaintiff challenges Nissan to conclusively prove facts that she knows to be true. Id. Nissan argues that its evidence supplied in support of its opposition to remand establishes "more likely than not" that the amount in controversy exceeds $75,000 and that the parties are diverse. Id. at 2. For example, Nissan provides repair records to show that plaintiff presented the subject vehicle for repair twice in California before later presenting it for repair three additional times in Florida. See Xuan Decl. Ex. A. Additionally, Nissan presents a Class 1 vehicle registration issued by the Florida DMV to plaintiff on June 16, 2025. See Xuan Decl. Ex. B. With respect to the amount in controversy, Nissan argues that it identified $16,005.00 in offsets for optional third-party contracts, rebate, and negative equity from the purchase price of $49,569.00; it calculated $1,038.92 as the applicable mileage offset; and it estimated $3,000 in unaccrued interest saved that must be deducted from damages under the Song-Beverly Act. Opp. at 5-6 (citing Pascal Decl. Ex. 1., Xuan Decl. Ex. A, Xuan Decl. Ex. C). Thus, Nissan calculates the amount at issue for actual damages as $29,525,08. Id. at 6. Nissan then argues that the maximum civil penalty sought in the complaint should be included in the amount in controversy. Id. (citing cases). Applying

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-05162-CAS-DSRx | Date | July 13, 2026 |
|---|---|---|---|
| Title | Nelly Castro v. Nissan North America, Inc. et al | | |

the two-times actual damages civil penalty of the Song-Beverly Act, which is sought in the complaint, Nissan calculates the total amount in controversy as $88,575.24. Id. at 7. Finally, Nissan argues that the Court's exercise of diversity jurisdiction is not discretionary and that plaintiff's counsel's comity argument has been specifically rejected by other courts. Id. at 8 (citing Zaragoza v. Mercedes-Benz USA LLC, No. CV 24-9786-GW-AGRx, 2025 LX 196074, at *9 (C.D. Cal. Feb. 26, 2025)).

In reply, plaintiff maintains that Nissan has failed to satisfy its burden of demonstrating by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement, or that diversity of citizenship exists. Reply at 2. Plaintiff argues that Nissan's opposition includes no evidence indicating plaintiff's domicile at the time the lawsuit was filed. Id. Plaintiff also argues that speculative amounts representing civil penalties or attorneys' fees should not be included in the amount of controversy and that Nissan has provided no evidence or information from which a reasonable estimate of either amount could be calculated. Id. Finally, plaintiff argues that comity principles are significant because it is not clear whether the amount in controversy is actually $75,000. Id. at 6.

### A.    Diversity of Citizenship

Nissan provides evidence that plaintiff currently resides in Florida in the form of repair records for the subject vehicle from service centers in Florida and a Florida Vehicle Registration for the subject vehicle. See Xuan Decl. Ex. A, Ex. B. Plaintiff provides no controverting evidence to the assertion that she is a Florida citizen, nor does plaintiff affirmatively allege her state of citizenship. Instead, plaintiff merely argues that Nissan fails to establish plaintiff's domicile at the time the lawsuit was filed. Reply at 4. However, "[a] district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard." Mondragon v. Cap. One Auto Fin., 736 F.3d 880, 884 (9th Cir. 2013). And here, Nissan's evidence demonstrates that it is more likely than not that plaintiff resided in Florida at the time the complaint was filed on January 22, 2026. See, e.g., Xuan Decl. Ex. B at 14 (showing that the subject vehicle was delivered for repair at AutoNation in Hollywood, Florida on December 16, 2025, and it was ready for pick up on December 20, 2025). "At minimum, a person's residence constitutes *some* evidence of domicile." Adams v. W. Marine Prods., Inc., 958 F.3d 1216, 1221 (9th Cir. 2020) (emphasis in original). Moreover, the only other state for which there is any evidence that plaintiff may be a citizen is California, the state: where plaintiff purchased the subject vehicle on July 2, 2024, see Pascal Decl. Ex. 1; where plaintiff brought the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-05162-CAS-DSRx | Date | July 13, 2026 |
|---|---|---|---|
| Title | Nelly Castro v. Nissan North America, Inc. et al | | |

subject vehicle in for repair on January 4, 2025 and February 17, 2025, see Xuan Decl. Ex. B; and the state where the complaint was filed on January 22, 2026, see Compl. Given that Nissan is a citizen of Delaware and Tennessee, the Court finds that Nissan has demonstrated there is diversity of citizenship between plaintiff and Nissan, regardless of whether plaintiff is a citizen of Florida or California.

**B.      Amount in Controversy**

The Court first looks to the face of the complaint to determine if the if the amount in controversy pled "to a legal certainty" meets the jurisdictional minimum for diversity jurisdiction.  Sanchez, 102 F.3d at 402-404.  If it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  Fritsch, 899 F.3d 785, 793 (9th Cir. 2018).

1.      Legal Certainty Test

Plaintiff does not allege a specific amount in controversy or even allege a specific purchase price in the complaint.  See generally, Compl.  The only reference to a dollar figure is the following:

> The amount in controversy exceeds THIRTY-FIVE THOUSAND DOLLARS ($35,000.00), exclusive of interest and costs, for which Plaintiff seeks judgment against Defendants, together with equitable relief.  In addition, Plaintiff seeks damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees.

Compl. ¶ 14.  The prayer for relief does not repeat this figure but asks for, among other things, "replacement or restitution . . . incidental damages . . . consequential damages . . . a civil penalty as provided in The Song-Beverly Act, in an amount not to exceed two times the amount of Plaintiff's actual damages . . . [and] actual attorneys' fees."  Compl. at 9.

As an initial matter, the Ninth Circuit has held that where, as here, a damage estimate is articulated in the body of the complaint and "not repeated in the Prayer for Relief . . . the complaint fails to allege a sufficiently specific total amount in controversy"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-05162-CAS-DSRx | Date | July 13, 2026 |
|---|---|---|---|
| Title | Nelly Castro v. Nissan North America, Inc. et al | | |

for the "legal certainty' test to be applied.  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 701 (9th Cir. 2007); see also Bourland v. Ford Motor Co., No. 5:19-CV-08456-EJD, 2020 WL 5797915, at *3 (N.D. Cal. Sept. 29, 2020) (applying Guglielmino in Song-Beverly action).  Likewise, numerous district courts have found that an allegation in a state court complaint seeking damages "not less than $25,001," without more,  is too speculative and ambiguous to support a finding that the amount in controversy requirement is satisfied based on the presence of a civil penalty provision.[3]  See e.g. Limon-Gonzalez v. Kia Motors Am., Inc., No. CV 20-4381 PA (JPRX), 2020 WL 3790838, at *3 (C.D. Cal. July 7, 2020) (collecting cases); Mullin v. FCA US, LLC, No. CV 20-2061-RSWL-PJW, 2020 WL 2509081, at *3 (C.D. Cal. May 14, 2020) ("[T]he Court finds that the allegations in plaintiff's complaint do not make clear whether he is seeking more than $25,001 in actual damages or total damages.").

On the other hand, in Bernstein v. BMW of N. Am., LLC, a Northern District of California court found an allegation that "the amount in controversy exceeds twenty five thousand dollars ($25,000), *exclusive* of interests and costs" and "*[i]n addition*, [seeks] incidental, consequential, exemplary, and actual damages" placed at least $75,000 in controversy. No. 18-1801 JSC, 2018 WL 2210683 at *2 (N.D. Cal. May 15, 2018) (emphasis in original).  As several district courts have explained, the language of the allegations in Bernstein, where plaintiff explicitly sought exemplary damages (i.e. the two times civil penalty) "in addition" to its alleged $25,000 in damages, is distinguishable from circumstances where plaintiff alleges only that she has suffered damages "in a sum to be proven at trial in an amount that is not less than $25,001," and the prayer for relief makes "no mention […] of a total dollar amount in controversy." See e.g. Feichtmann v. FCA US LLC, No. 5:20-CV-01790-EJD, 2020 WL 3277479, at *2 (N.D. Cal. June 18, 2020) (distinguishing the Bernstein request for "exemplary damages in addition to the $25,000" from a request for "not less than $25,001" because "although there are various items listed in the prayer for relief […] it is unclear which of those items are subsumed within the $25,001.00 figure."); Limon-Gonzalez v. Kia Motors Am., Inc., No. CV 20-4381 PA (JPRX), 2020 WL 3790838, at *4 (C.D. Cal. July 7, 2020) (finding Bernstein distinguishable because it "involved wholly different, less ambiguous

---

[3] Notably, to qualify as an "unlimited civil case" in California state court, the amount in controversy, exclusive of attorneys' fees, interest, and costs, must exceed $35,000.  See Cal. Civ. Proc. Code § 85.  Effective January 1, 2024, this threshold amount was raised from $25,000.  See S.B. 71, 2023-2024 Reg. Sess. (Cal. 2023).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-05162-CAS-DSRx | Date | July 13, 2026 |
|----------|------------------------|------|---------------|
| Title | Nelly Castro v. Nissan North America, Inc. et al | | |

complaint language regarding damages" than the request for "not less than $25,001" at issue.).

Here, plaintiff's allegations, which appear to list "exemplary damages" as "[i]n addition" to the $35,000 figure, are very similar to those in Bernstein. Compl. ¶ 19. However, notwithstanding the use of the phrase "[i]n addition," plaintiff includes "actual damages" in the same list as "exemplary damages." Id. This might suggest that the $35,000 figure includes potential civil penalties. Accordingly, it is not clear from the face of the complaint whether civil penalties are included within or separate from the $35,000 figure alleged in paragraph 19. See Edwards v. Ford Motor Co., 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) ("Defendant's assertion that these damages refer only to actual damages [as opposed to total damages] is only an assumption.").

Thus, the Court cannot simply add a civil penalty of two times the $35,000 figure to reach an amount in controversy that exceeds $75,000. Accordingly, because the amount in controversy is unclear from the face of plaintiff's complaint, the Court must determine whether Nissan has met its burden to demonstrate by a preponderance of the evidence that the amount in controversy is greater than $75,000. See Fritsch, 899 F.3d at 793.

2.      Preponderance of the Evidence Test

The Song-Beverly Act, under which plaintiff's claims arise, permits plaintiff to recover "damages and other legal and equitable relief." Cal. Civ. Code § 1794(a). The measure of damages includes the sum of (1) restitution, (2) "a civil penalty which shall not exceed two times the amount of actual damages," and (3) "the aggregate amount of costs and expenses, including attorneys' fees based on actual time expended." Cal. Civ. Code § 1794. The amount in controversy includes all amounts "at stake" in the litigation at the time of removal, "whatever the likelihood [plaintiff] will actually recover them." Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 417 (9th Cir. 2018). The Court finds that Nissan has met its burden to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

a.  Compensatory Damages

The parties agree that if plaintiff is successful on her claims, she may be entitled to restitution under the Song-Beverly Act. However, the parties disagree as to the maximum restitution that plaintiff may be entitled to recover.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-05162-CAS-DSRx | Date | July 13, 2026 |
|---|---|---|---|
| Title | Nelly Castro v. Nissan North America, Inc. et al | | |

The Song-Beverly Act defines restitution as "the actual price paid by the buyer," Cal. Civ. Code § 1793.2(d)(2)(B), including collateral charges such as tax and registration fees. Cal. Civ. Code § 1793.2(d)(2)(C). However, the calculation of restitution excludes "nonmanufacturer items installed by a dealer or the buyer," and is "reduced by an amount attributable to the consumer's use." Id.

It appears from the sales contract submitted by plaintiff that the total purchase price of the subject vehicle was $49,569.00, without any down payment. Pascal Decl. Ex. 1 at 2. Plaintiff's financing charges, taxes, and fees are correctly included in the amount in controversy because they are recoverable pursuant to the Song-Beverly Act. See Mitchell v. Blue Bird Body Co., 80 Cal. App. 4th 32, 34 (2000).

The Court first considers whether any reduction to the $49,569.00 amount is appropriate. As part of that purchase price, plaintiff agreed to pay $3,366.00 to Century Automotiv, a third party, for an "Optional Service Contract." Pascal Decl. Ex. 1 at 3. Because the Song-Beverly Act excludes restitution for "non-manufacturer items installed by a dealer or buyer," this optional charge must be excluded from the purchase price of the vehicle for purposes of the restitution calculation. Cal. Civ. Code § 1793.2(d)(2)(B). The Court also reduces the purchase price by the amount of negative equity on her trade-in vehicle. See Canesco v. Ford Motor Co., 570 F. Supp. 3d 872, 894 (S.D. Cal. 2021) ("Negative equity is not part of the 'new motor vehicle' price, so the manufacturer should not be required to reimburse the buyer for their cost."). Here, the Contract shows that plaintiff paid $6,597.00 to Nissan for her prior lease balance as well as $542.00 for an optional debt cancellation agreement. See Pascal Decl. Ex. 1 at 3.

Next, the Court must determine the appropriate reduction for plaintiff's use of the subject vehicle. See Hernandez v. FCA US, LLC, No. CV 20-1058-RSWL-MAA, 2020 WL 3497399, at *3 (C.D. Cal. June 29, 2020). Pursuant to the Song-Beverly Act, the reduction in restitution based on plaintiff's use of a vehicle is calculated as follows:

> The amount directly attributable to use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer, including any charges for transportation and manufacturer-installed options, by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle . . . for correction of the problem that gave rise to the nonconformity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-05162-CAS-DSRx | Date | July 13, 2026 |
|---|---|---|---|
| Title | Nelly Castro v. Nissan North America, Inc. et al | | |

Id. (referred to as the "mileage offset").

Nissan has provided evidence that plaintiff delivered the subject vehicle to defendants for repair on five occasions with the following miles of use at each date the subject vehicle was delivered: 5,125 miles on January 4, 2025; 5,958 miles on February 17, 2025; 10,951 miles on September 13, 2025; 15,028 miles on November 8, 2025; and 17,385 miles on December 16, 2025. Xuan Decl. Ex. A. Plaintiff does not dispute these mileage figures.

The Court has determined that the "actual price" plaintiff paid for the subject vehicle is $39,064.00. To determine the reduction for plaintiff's use, the Court multiplies $39,064.00 by a fraction equal to the miles driven by plaintiff prior to first delivering the subject vehicle to defendants for repair of the warrantable nonconformity divided by 120,000. Even taking the highest mileage figure in the records provided by Nissan (17,385 miles on December 16, 2025) the net mileage offset for plaintiff's use of the subject vehicle would at most be $5,659.40.

For purposes of this motion, the Court therefore estimates the amount of restitution available pursuant to the Song-Beverly Act to be at least $33,404.60.[4]

### b. Civil Penalty

"It is well established that punitive damages are part of the amount in controversy in a civil action," where they are recoverable under one or more of the plaintiff's claims for relief. Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001). Pursuant to the Song-Beverly Act, "[i]f the buyer establishes that the failure to comply was willful, the judgment may include . . . a civil penalty which shall not exceed two times the amount of actual damages." Cal. Civ. Code § 1794(c). Courts treat the Song-Beverly Act's civil

---

[4] The Court need not further reduce the amount in controversy by estimating the amount of unaccrued interest that may result from an early release of plaintiff's loan balance on the retail installment sale contract because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." Lewis, 627 F.3d 395, 400; see Quinonez v. FCA US LLC, No. 2:19-CV-2032-KJM, 2020 WL 3397565, at *3 (E.D. Cal. June 19, 2020). But even if the Court reduced the approximate restitution amount by Nissan's estimated $3,000 in unaccrued interest that plaintiff would save if the loan was paid off in twelve months, the Court's ultimate conclusion would not change.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-05162-CAS-DSRx | Date | July 13, 2026 |
|---|---|---|---|
| Title | Nelly Castro v. Nissan North America, Inc. et al | | |

penalties akin to punitive damages. See e.g. Suman v. Superior Court, 39 Cal. App. 4th 1309, 1317 (1995) ("These subdivision (c) penalties have been likened, by courts, to punitive damages."); Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648 (9th Cir. 2016) (affirming district court's calculation of amount in controversy, which included penalties under state Song-Beverly Act).

Contrary to plaintiff's contention that civil penalties here "are speculative and should not be included in the amount in controversy," Reply at 5, courts estimate the amount in controversy by assuming plaintiff's allegations are true. See e.g. Campbell v. Vitran Express, Inc., 471 Fed. Appx. 646, 648 (9th Cir. 2012). Here, plaintiff specifically alleges that "[t]he failure of Defendants, and each of them, to refund the price paid and payable or to replace the Vehicle was intentional and justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's actual damages." Compl. ¶ 32. Because "the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover," the Court may properly include a civil penalty of two-times actual damages. Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019); see also Park v. Jaguar Land Rover N. Am., LLC, No. 20-CV-00242-BAS-MSB, 2020 WL 3567275, at *4 (S.D. Cal. July 1, 2020) ("Plaintiff's own allegations support the conclusion that the maximum amount of civil penalties is properly included in the amount in controversy determination").

Here, the Court calculated that the amount of actual damages available as restitution is $33,404.60. Pursuant to the Song-Beverly Act, the maximum available civil penalty is twice that amount, or $66,809.20.

The sum of the restitution and civil penalty amounts is $100,213.80. Given the inclusion of substantial civil penalties, the Court need not consider the amount of attorneys' fees that are potentially recoverable. Accordingly, the Court finds that Nissan has met its burden to establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional threshold.

### C.   COMITY

Finally, plaintiff argues that the Court should remand this matter to state court pursuant to principles of comity. Mot. at 1. Plaintiff argues that civil penalties under the Song-Beverly Act render nearly all Song-Beverly Act claims removable to federal courts and that California courts are better suited to hear these types of state law claims which "require[] consideration of numerous state-specific issues on sensitive, uniquely state-law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:26-cv-05162-CAS-DSRx | Date | July 13, 2026 |
|---|---|---|---|
| Title | Nelly Castro v. Nissan North America, Inc. et al | | |

issues of regulation and statutory interpretation." Id. at 9.  Plaintiff argues that "[e]ven if this Court has jurisdiction to hear this case, it has the authority to 'veto' the exercise of jurisdiction." Id. at 7 (citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005)).  But Grable does not stand for the proposition that a district court can decline diversity jurisdiction.  See Grable, 545 U.S. at 313-14 (explaining that the exercise of *federal question* jurisdiction demands consideration of the balance of federal and state judicial responsibilities).[5]

Plaintiff's comity argument fails because the Court "does not have discretion to refuse jurisdiction over state claims in a diversity case." Sorosky v. Burroughs Corp., 826 F.2d 794, 805 (9th Cir. 1987) (citation omitted); see also BNSF Ry. Co. v. O'Dea, 572 F.3d 785, 793 n.2 (9th Cir. 2009) (Fisher, J., concurring) ("[T]he diversity statute, unlike the supplemental jurisdiction statute, does not afford district courts the discretion to decline jurisdiction over state law claims.  District courts sitting in diversity therefore lack the option of refusing state law claims out of consideration for 'judicial economy, convenience, fairness, and comity.'").  Thus, plaintiff's policy argument for why California state courts should have exclusive jurisdiction over Song-Beverly Act claims "is better addressed to Congress." Zaragoza v. Mercedes-Benz USA LLC, No. CV 24-9786-GW-AGRx, 2025 LX 196074, at *8-9 (C.D. Cal. Feb. 26, 2025) (rejecting the same comity principles argument raised by the same counsel for plaintiff).

For the foregoing reasons, Nissan has adequately alleged that diversity of citizenship exists and has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold, therefore satisfying the requirements for diversity jurisdiction under 28 U.S.C. § 1332.  Thus, Nissan properly removed this action to this Court pursuant to 28 U.S.C. § 1441(a).

///

---

[5] The cases that plaintiff cites as examples of remand in this district are cases where the defendants had not met their burdens to establish diversity of citizenship or the requisite amount in controversy for diversity jurisdiction.  See James Schultz v. Jaguar Land Rover North America, LLC, No. 5:20-CV-00142-RGK(KKx), Dkt. 11 (Feb. 11, 2020); Amir Ahdoot v. Ferrari North America, Inc., No. 2:19-cv-07714-RGK-FFM, Dkt. 9 (Sep. 12, 2019); Shadi Weinberger et al v. Winnebago Industries, Inc. et al, No. 5:19-cv-00696-ODW-SHK, Dkt. 17 (June 20, 2019).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-05162-CAS-DSRx | Date | July 13, 2026 |
|---|---|---|---|
| Title | Nelly Castro v. Nissan North America, Inc. et al | | |

## V.     CONCLUSION

In accordance with the foregoing, plaintiff's motion to remand this action to the Los Angeles County Superior Court is **DENIED**.

IT IS SO ORDERED.

|  | 00 | : | 04 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |